**H. W. JOHNS–MANVILLE CO. OF TEXAS v. H. D. APPELGATE & SON. (No. 6590.)**

(Court of Civil Appeals of Texas. Galveston. May 14, 1914. Rehearing Denied June 4, 1914.)

SALES (§ 442*)—ACTION FOR PRICE—VERDICT—SPECULATIVE AWARD.

Where, in an action to recover the purchase price of certain roofing used by defendants on certain school buildings, defendant pleaded breach of warranty and damages resulting from

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

leakage of the roofs, and from the evidence the jury could have found that the entire damage sustained by defendants was caused by leakage or that the entire damage was due to other causes, but there was no evidence to authorize the jury in the event they found that the damage was all caused by leakage to find a less sum than the entire damage sued for, a verdict for defendant for a part only of the damages demanded was unsustainable as speculative.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. § 442.*]

Appeal from District Court, Jefferson County; John M. Conley, Judge.

Action by H. W. Johns-Manville Company of Texas against H. D. Appelgate & Son. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Crook, Lord, Lawhon & Ney, of Beaumont, for appellant. Jas. A. Harrison and E. E. Easterling, both of Beaumont, for appellee.

McMEANS, J. The following statement of the nature of the case made by appellant in its brief is adopted: The H. W. Johns-Manville Company of Texas brought suit against H. D. Appelgate & Son seeking to recover the sum of $889.62 with lawful interest thereon, which was the contract price of 360 squares of 4-ply heavy Brooks asbestos roofing, which had been furnished by the plaintiff to the defendant for the purpose of covering certain school buildings in the city of Beaumont. Upon the trial the defendants admitted that the plaintiff had a good cause of action and that they were liable to pay the amount sued for unless such liability was defeated on their answer and cross-action. By way of offset and reconvention the defendants alleged in their third amended original answer that the plaintiff had sold the roofing in question to the defendants knowing the purpose for which it was to be used and had represented and warranted that said roofing would make a water-tight roof and would remain water-tight and would not need any repairs for a period of ten years; that relying thereon defendants had ordered the roofing in question and had put the same on the school building according to the instructions and directions of the plaintiff; but that the same did not prove to be water-tight; and that the said roofs leaked badly and that the roofing was ineffective to turn water. And defendants alleged that the said roofing was of no value to them and did not comply with any of the representations and warranties of the plaintiff, and that the consideration moving the defendants had entirely failed. The defendants further alleged that the roofs of all three of the school buildings, as constructed of the roofing material in question, before said buildings were finished and delivered, leaked badly in numerous places, and that defendants were required to turn over the school buildings in good condition to the school board, and, believing they could fix said roofs so that they would not leak, attempted to patch the same so as to make them water-tight, and in doing so they expended for labor and material on the roof of the Millard School building $126, on the South End School building $130, and on the Averill School building $81.50, amounting to a total of $337.50 expended for labor and material in repairing and patching the roofs in question. The defendants failed to make proof of the amount of labor which was expended in these respects, and that issue was not submitted in the case. The defendants also alleged that, after the roof on the Millard School building was completed, the roof leaked badly in many places in every part of said building, and that the water came through the said roof and so damaged the kalsomine in the building that the defendants were compelled to rekalsomine the entire Millard School building, which they did at the cost of $480, and they alleged that after they had patched said roof on the Millard School building the said roofing would not turn the water and continued to leak over the entire building to such an extent that the kalsomining put on the second time by the defendants was so damaged that they had to rekalsomine the same, which they did at the cost of $161.55; and they alleged that because of said roof on the Millard School building continuing to leak and not turning the water they were forced to rekalsomine the ceiling of said building the third time at a cost of $161.55. The defendants made substantially the same allegations with respect to the South End School building, and they alleged that it cost $330 to rekalsomine it one time, and that they rekalsomined it two other times at a cost of $99.30 each time; and defendants alleged that the cost of rekalsomining the Averill School building the first time was $296.55, and defendants sought to recover the aggregate sum of $1,628.25 for rekalsomining the three buildings the three different times. The defendants alleged that all of the repairing of the roofs, so done by them, was in the belief that they could make the roofs water-tight and was in the contemplation of the parties at the time the roofing was ordered, and that all of their expenditures resulted from the roofing material not being water-tight, as represented and warranted, and that none of such repairs were caused by the fault or want of care on the part of the defendants. The defendants also sought to recover in their cross-action the sum of $500, which sum they alleged that the school board of Beaumont had held out of the contract price when the school buildings were turned over, for the purpose of repairing the roofs of the school buildings. And they alleged that the school board had expended that amount in an effort to make the roofs of the school buildings water-tight after the buildings were turned over to the

school board, but that the school board was unable to make the roofs water-tight on account of the fact that the roofing material would not turn water. And it was alleged that the school board had a right to retain such amount out of the contract price because said sum was reasonably necessary to make further repairs on the roofs in question, and that therefore the defendants by their cross-action were entitled to recover that amount against the plaintiff. The case was tried before a jury, and a verdict was returned in favor of defendants on their cross-action for $1,349.44 less the amount due plaintiff in the sum of $889.62, giving the defendants a judgment against plaintiff for the sum of $459.82. From this judgment the plaintiff has appealed.

There was testimony offered on the trial from which the jury might have concluded that the roofing material was unfit for the uses to which it was applied, and that in consequence the roof leaked and that the defendants were damaged in the manner and to the extent alleged by them in their cross-bill. On the other hand, there was testimony introduced from which the jury might have found that the material was as represented by plaintiff in regard to its quality and capacity to turn water, but that the leaking and consequent damage to defendants was due in part to the manner in which the defendants put the roofing on the houses, and partly to the manner in which the fire walls and flashing had been constructed and the insufficient size of the down spouts to let the water escape from the gutters.

Appellant by its fifth assignment of error complains that the verdict of the jury is without evidence to support it, in that there were no facts proven by which it could be determined the extent of the damages caused by water entering the buildings in question through the roofs, and because it appears that the damages assessed were fixed by guess and speculation, since the jury found for defendants a sum less than the defendants claimed as damages, and that it follows that the jury must necessarily have found that some of the damage was occasioned by water entering the buildings through causes for which appellant was not responsible.

As before shown, the jury could have found from the testimony that the entire damage sustained by the defendants was caused by the leaking, due to the inferior quality of the roofing material to turn water, or the jury might have found that the entire damage was due to other causes. There was no testimony to authorize the jury, in the event they found that the damages were all caused by the leaking of the roof, to find a less sum than the entire damage sued for; in other words, there was an entire absence of evidence to authorize the jury to apportion the damages arising from both causes, with any degree of accuracy, and therefore the verdict rendered must have been the result of guess or speculation, and for this reason should have been set aside.

We have examined all of appellant's assignments of error and, except as above stated, no reversible error is found in any of them. For the error indicated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.